IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE LYNN PLATT, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Civil Action No. 16-537 |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income, disability insurance benefits and child's insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging disability which began on October 1, 2012. (ECF No. 6-6, pp. 2, 11). Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on October 10, 2014. (ECF No. 6-2, pp. 42-92). On December 10, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 22-34).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC") [2]

Plaintiff asserts that the ALJ erred in determining her RFC. (ECF No. 10, pp. 11-14). Basically, Plaintiff argues that the ALJ failed to include all of Plaintiff's limitations that pertain to both her severe and non-severe impairments. *Id.* at p. 11. In support thereof, Plaintiff points to evidence that supports her position that she has various limitations. (ECF No. 10, pp. 11-14). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support is misplaced.

Plaintiff also seems to suggest that simply because she has severe impairments the ALJ was required to make an accommodation for that impairment in her RFC.[3] (ECF No. 10, pp. 11-

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a).

[3] In this case, the ALJ found that Plaintiff has the RFC to perform light work without any exceptions. (ECF No. 6-2, pp. 28-32).

14). I disagree. "[S]uch a presumption would conflict with the regulatory scheme for determining whether a claimant is disabled, under which the determination of whether a claimant is severely impaired precedes a separate determination of whether the claimant, despite his severe impairment, retains the [residual functional capacity] to perform substantial gainful activity." *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Thus, just because an impairment is found to be severe does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC.").

In this case, the ALJ discussed and thoroughly considered Plaintiff's severe and non-severe impairment in the discussion of the RFC. (ECF No. 6-2, pp. 28-32). Thus, I find the ALJ properly reviewed the same. Further, I find that the RFC is based on substantial evidence. *Id.* Therefore, remand on this basis is not warranted.

### C. <u>Vocational Expert ("VE")</u>

Plaintiff suggests that the first question posed to the VE by the ALJ was in error because the ALJ asked the VE to consider someone who could perform light work and, among other things, could "sit for approximately six hours in an eight hour work day." (ECF No. 10, p. 15). Plaintiff submits that sitting for approximately six hours is a sedentary job requirement and not a light work requirement. *Id.* As such, the ALJ erred in including that in his hypothetical question. *Id.* I disagree.

> Light work is defined as follows:
>
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. **If someone can do light work, we determine that he or she can**

4

**also do sedentary work,** unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §404.1567 (emphasis added). Based on the above language, I find there was no error in including a sedentary sitting limitation.

Plaintiff also argues that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 10, pp. 14-18). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). The record reveals substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

### D. Post-Decision Evidence

Plaintiff's final argument is that the case should be remanded pursuant to sentence six of 42 U.S.C. §405(g) such that the case can be reconsidered along with medical evidence from Butler Memorial Hospital dated September 13, 2014-November 14, 2014 and the treatment records of Dr. Kozminski dated December 8, 2014. (ECF No. 10, pp. 18-21); *see also* ECF No. 7-25, pp. 66-69; No. 7-26, pp. 2-63; and ECF No. 7-27, pp. 2-22. If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied by a plaintiff to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

New evidence is that which did not exist or was not available to the claimant at the time of the administrative proceeding. *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990). In this

case, the hearing was on October 10, 2014 and the decision of the ALJ was dated December 10, 2014. (ECF No. 6-2, p. 34). All of the medical evidence at issue existed and was available prior to December 10, 2014. Thus, based on the dates of the records, I find they are not new.[4] Therefore, remand under Sentence Six is not warranted.

An appropriate order shall follow.

---

[4] I note that I do not reach a conclusion on whether the information is material or if good cause was shown because Plaintiff has failed to show that the evidence was not new. *Matthews,* 239 F.3d at 591-593, *citing Szubak,* 745 F.2d at 833.

IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENISE LYNN PLATT,                    )
                                      )
         Plaintiff,                   )
                                      )
    -vs-                              )    Civil Action No.  16-537
                                      )
NANCY A. BERRYHILL,[5]                )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
         Defendant.                   )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 10th day of May, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

                                                  BY THE COURT:

                                                  s/  Donetta W. Ambrose
                                                    Donetta W. Ambrose
                                                    United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.